of some kind, *i. e.*, until the city was called upon to pay an obligation and the funds were not forthcoming. *Second,* on the-ground that the project referred to in the resolution of 1919 had been abandoned and rescinded and another building program substituted for it, which substituted program had been carried out and the moneys intended to be devoted to the original program expended for such substituted program. *Third,* that the resolution relied upon by the petitioners was never legally adopted.

*Simon Fleischmann, Martin Clark, Louis E. Desbecker* and *Charles B. Hill* for appellants.

*Hamilton Ward, Jeremiah J. Hurley* and *William S. Rann* for respondents.

Order affirmed, with costs, on ground that the resolution of January 15, 1919, was abandoned and canceled by the council with the consent and approval of the board of education; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

FRANK CONTI, as Administrator of the Estate of ANNA CONTI, Deceased, Appellant, *v.* OPPENHEIMER CASING Co., INC., Respondent, Impleaded with Others.

*Negligence — master and servant — injury through negligence of truck driver — complaint dismissed where it appears that at time of accident truck was owned and controlled by independent contractor.*

*Conti* v. *Oppenheimer Casing Co.,* 202 App. Div. 743, affirmed.
(Argued April 20, 1923; decided May 8, 1923.)

APPEAL from a judgment, entered June 2, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff, entered upon a verdict and directing a dismissal of the complaint in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Intestate was caught between the tail of a truck which was being backed by the driver of another truck bearing the name of defendant, respondent, and a loading plat-

form and received the injuries from which she died. The Appellate Division dismissed the complaint upon the ground that at the time of the accident the truck was. owned, operated and controlled by an independent contractor.

*George W. Smyth* and *Edgar R. Kraetzer* for appellant.

*F. A. W. Ireland* and *R. M. McCormick* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and McLAUGHLIN, JJ. Dissenting: CRANE and ANDREWS, JJ.

---

EDWARD B. LA FETRA, Respondent, *v.* HUDSON TRUST COMPANY, Appellant.

*Attorney and client — conversion — action by attorney to recover percentage of certain bonds exchanged by defendant for certain tort claims which he had successfully prosecuted under contract that he was to have a certain percentage of recovery for his services.*

*La Fetra* v. *Hudson Trust Co.*, 203 App. Div. 729, affirmed.

(Argued April 20, 1923; decided May 8, 1923.)

APPEAL from a judgment, entered January 3, 1923, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendant entered upon a verdict directed by the court and directing judgment in favor of plaintiff. The action which was in conversion was brought by an attorney at law to recover forty per cent of certain bonds received on a sale of three tort claims which had been liquidated by the attorney for the claimant. The claimant subsequently assigned these claims to defendant as collateral for a loan and thereafter they were exchanged by claimant and defendant for the bonds. Plaintiff claimed an assignment of a forty per cent interest in the tort claims and, therefore, the right to recover forty per cent of the bonds.

*Victor E. Whitlock* for appellant.

*Joseph A. Warren, James J. Walker* and *John V. Downey* for respondent.